ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
DONALD W. YOO (SBN 227679)
Assistant United States Attorney
     Room 7516, Federal Building
     300 North Los Angeles Street
     Los Angeles, California 90012
     Tel:        (213) 894-3994
     Fax:       (213) 894-7819
     Email:    donald.yoo@usdoj.gov

Attorneys for Defendant
Shaun Donovan, Secretary of the U.S. Department
of Housing and Urban Development

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PHYLLIS BEECH, an individual, | ) | No. CV11-1602-VBF (AJWx) |
| Plaintiff, | ) | **PROTECTIVE ORDER** |
| vs. | ) | |
| SHAUN DONOVAN, SECRETARY, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, a governmental agency; and DOES 1 through 10, inclusive, | ) | Honorable Andrew J. Wistrich |
| Defendants. | ) | |

Pursuant to the Joint Stipulation for Protective Order filed by the parties herein, IT IS HEREBY ORDERED that:

Defendant Shaun Donovan, sued in his official capacity as Secretary of the United States Department of Housing and Urban Development ("HUD"), is permitted to produce:  (1) various lists of candidates for the Community Planning and Development Specialist ("CPD") position for each of the three field office locations to which Plaintiff applied; (2) applications/resumes of the other candidates who applied for the CPD position; (3) information about candidates who were considered for the CPD position; (4) information about specific candidates who were selected for the CPD position; and (5) information about employment actions taken with respect to certain candidates who were hired for the CPD position (hereinafter items 1-5 are collectively referred to as the "Protected Information").

The Protected Information documents will be redacted prior to disclosure to remove: (1) personal data identifiers contained therein (if any) such as social security numbers, home addresses and telephone numbers; and (2) financial data (if any) for non-parties such as wage records.

The Protected Information shall be used by the parties, counsel, experts, consultants and witnesses only for the purpose of this litigation, and not for any other purpose whatsoever.

The Protected Information, and/or contents thereof, shall be disclosed only to the following:

1.    counsel of record for the parties;

2.    Plaintiff, who shall be permitted to review the Protected Information in the presence of counsel of record, but shall not be given a copy thereof, provided that she agrees to be bound by the terms of the Protective Order issued by the Court and shall execute a confidentiality agreement in the form attached hereto as Attachment A to the Stipulation for Protective Order;

3.    expert consultants/witnesses, who are retained or consulted by the parties for the purposes of providing testimony or performing other services relating to this action, provided that they shall agree to be bound by the terms of the

Protective Order issued by the Court and shall execute a confidentiality agreement in the form attached as Attachment A to the Stipulation for Protective Order; or

4.      non-expert witnesses to this action, but only to the extent that disclosure is necessary to question a witness or prepare a witness to be questioned by another party; provided that they shall agree to be bound by the terms of the Protective Order issued by the Court and shall execute a confidentiality agreement in the form attached as Attachment A to the Stipulation for Protective Order.  Said non-expert witnesses shall be permitted to review the Protected Information in the presence of counsel, but shall not be given a copy thereof to retain.

All documents (including all items identified in Rule 1001 of the Federal Rules of Evidence), pleadings, or transcripts of deposition testimony filed in this litigation, including any appeal, that contain, or disclose the contents of the Protected Information shall be submitted under seal.  The submitting party shall request the Court to impound any of the Protected Information that may be submitted as evidence and to maintain the same as a sealed record of the Court not available for review by the public.  All deposition transcripts that contain or disclose the contents of the Protected Information shall be maintained under seal and be subject to the provisions of the Stipulated Protective Order even if they are not filed with the Court.

At the conclusion of this litigation, including any appeal taken therefrom, all originals or reproductions of the Protected Information, including documents attached to depositions and pleadings, shall be returned to Defendant by Plaintiff's counsel within 30 days of the conclusion of the action, including copies provided to expert consultants/witnesses.  This shall not include documents:  (1) that have been filed with the Court; (2) that contain notations of counsel or experts/consultants, in which case they are to be destroyed by Plaintiff's counsel within 30 days of the conclusion of the action; and (3) electronically stored information, in which case it is to be deleted and/or destroyed by Plaintiff's counsel within 30 days of the

1   conclusion of this action.

2       Upon conclusion of this action, including any appeal taken therefrom,

3   Plaintiff's counsel shall, within 30 days from the conclusion of this action, file a

4   certification with the district court that they have irretrievably destroyed all

5   documents which are the subject of the Stipulated Protective Order.  They shall

6   further certify that they have returned to Defendant all originals and reproductions

7   (as defined by Rule 1001(4) of the Federal Rules of Evidence) that they have made

8   of such documents in accordance with this Order.  Plaintiff's counsel shall further

9   certify that they have deleted and/or destroyed any electronically stored information

10  or documents containing notations of counsel or experts/consultants, which are the

11  subject of the Stipulated Protective Order.

12      Plaintiff's counsel also agrees to return (or in the case of electronically stored

13  information, delete and/or destroy) within 14 days from Defendant's request, any

14  documents (originals and reproductions) subject to the Stipulated Protective Order

15  which were inadvertently disclosed or not redacted.  Plaintiff's counsel further

16  agrees not to use or disclose information contained in such documents.

17      This Stipulated Protective Order is not intended to compromise the rights of

18  any party to object to discovery pursuant to the Federal Rules of Civil Procedure or

19  any other governing authority nor is it intended to alter any burden of proof

20  regarding any assertion of privilege in this matter.  This Stipulated Protective Order

21  permits HUD and its employees to disclose the Protected Information, but does not

22  constitute a Stipulation requiring production.

23      Nothing in this Stipulated Protective Order shall prohibit a party from seeking

24  further protection of the Protected Information by stipulation among the parties,

25  approved by the Court, or by application to the Court directly.

26      Nothing in this Stipulated Protective Order constitutes a waiver of any party's

27  right to seek a Court Order permitting the future use and/or production of unredacted

28  copies of the Protected Information.

4

1    Nothing in this Stipulated Protective Order constitutes a waiver of

2    Defendant's right to use, disclose or disseminate the Protected Information in

3    accordance with the provisions of the Privacy Act, any applicable

4    statutory/regulatory provisions, or HUD policies.

5    Neither the United States Department of Justice, HUD, or the United States

6    Attorney's Office, nor any of their officers, agents employees, or attorneys, shall

7    bear any responsibility or liability for any disclosure of any documents obtained by

8    the parties under this Stipulated Protective Order, or of any information contained in

9    such documents.

10   This Stipulated Protective Order does not constitute any ruling on the question

11   of whether any particular document or category of information is properly

12   discoverable or admissible and does not constitute any ruling on any potential

13   objection. Other than explicitly set forth herein this Stipulated Protective Order does

14   not apply to any information or documents subject to a claim of privilege or other

15   basis of exclusion, and this Stipulated Protective Order shall not be precedent for

16   adopting any procedure with respect to the disclosure of any such other information.

17

18   December 13, 2011

19
Dated: _____        _____

20                                       ANDREW J. WISTRICH

21                                       U.S. MAGISTRATE JUDGE

22

23

24

25

26

27

28

5